# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA A. NEWSOME; KODIAK EQUIPMENT, INC.; RAPID PREP, LLC; GAYNOR NEWSOME; V'DOLA GROVENSTEIN; LOWELL GROVENSTEIN, SR., LOWELL GROVENSTEIN, JR., and THE HERTZ CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO.:<br>1:14-CV-00125 |

## **HARTFORD FIRE INSURANCE COMPANY'S MOTION TO INTERVENE**

Comes Now Hartford Fire Insurance Company ("Hartford"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 24, and respectfully moves this Court to intervene as an additional plaintiff in this action.[1] In support of its motion, Hartford shows this Court the following:

1.    On May 29, 2014, Ohio Security Insurance Company ("Ohio Security") filed this action seeking a declaratory judgment that the business auto

---

[1] Counsel for Hartford has consulted with Plaintiff's counsel and advises the Court that Plaintiff does not oppose this motion. In addition, Hartford's Named Insured, Rapid Prep LLC, does not oppose this motion. Counsel for Hartford has not had contact with counsel for the other parties.

liability insurance policy it issued to Kodiak Equipment, Inc. ("Kodiak") provides no coverage to its insured, Kodiak, or to Kodiak's employee or principal, Joshua Newsome ("Newsome"), for claims related to a motor vehicle accident (the "Accident") and an underlying personal injury suit brought by Defendants V'Dola Grovenstein, Lowell Grovenstein Sr., and Lowell Grovenstein Jr., (the "Grovensteins"), and now pending in Glascock County, Georgia (the "Underlying Suit").

2.   The Underlying Suit names as Defendants Newsome, Kodiak, and Rapid Prep LLC ("Rapid Prep"). The underlying complaint alleges that Newsome was acting within the course and scope of his employment with both Kodiak and Rapid Prep at the time of the Accident. The Grovensteins have made demands upon Ohio Security and Hartford relating to the Accident.

3.   Rapid Prep is the Named Insured under a Commercial Automobile business auto policy issued by Hartford (the "Hartford Policy"). Hartford is providing a defense to Rapid Prep in the Underlying Suit. Rapid Prep denies that Newsome was acting within the course and scope of his employment with Rapid Prep at the time of the Accident.

4.   Based upon the allegations made in the underlying complaint, Hartford also has agreed to provide a defense to Newsome in the Underlying Suit subject to a full reservation of rights, and subject to its right to pursue an action

seeking a declaratory judgment of its rights and obligations under the Hartford Policy with respect to Newsome.

5. Hartford asserts that the Hartford Policy does not provide coverage to Newsome in connection with the Accident, because Newsome was on personal business driving an automobile he personally had rented, and therefore was not an insured under the Hartford Policy at the time of the Accident. In its proposed Intervention Complaint, Hartford requests a declaratory judgment that there is no coverage for the underlying claims and Hartford has no duty to defend or indemnify or Newsome with regard to the underlying claims and the Underlying Suit.  In the alternative, if Newsome is determined to be an insured at the time of the Accident, Hartford seeks a determination that the contract is void as to Newsome because of misrepresentations made in connection with the Accident.

6. The Complaint by Ohio Security in this action places at issue common questions, including, but not limited to, Newsome's employment status with both Kodiak and Rapid Prep at the time of the Accident, Newsome's conduct leading up to the Accident, and Newsome's representations regarding the Accident to both Kodiak and Rapid Prep. The resolution of these questions will impact Hartford's rights under the Hartford Policy.

7. Hartford therefore has an interest relating to the incident and transaction that is the subject of this action, and is so situated that disposition of

this action in Hartford's absence may, as a practical matter, impair or impede Hartford's ability to protect its interests under the Hartford Policy.

8. The current parties to this litigation do not adequately represent Hartford's interests with respect to the Hartford Policy.

9. Hartford's interests are sufficient to support Hartford's intervention in this action as a matter of right, pursuant to Fed. Rule Civ. Proc. 24(a).

10. In the alternative, if the Court finds that intervention as of right is not established, Hartford is entitled to permissive intervention as a matter of judicial economy and efficiency given the common questions of law and fact that exist between Ohio Security's action and Hartford's proposed action, pursuant to Fed. R. Civ. P. 24(b).

11. Hartford's motion is timely and will not prejudice the existing parties to this action. The answers of four of the parties, Kodiak Equipment, Inc. and the Grovenstein defendants, were recently filed on July 29 and August 4, 2014, respectively.

12. Hartford has attached to this Motion as Exhibit 1 a copy of its proposed Intervention Complaint. The Defendants in Hartford's proposed Intervention Complaint are the same as the Defendants in the pending action.

13. Hartford has attached to this Motion as Exhibit 2 a proposed order for the Court's consideration. If the Court grants Hartford's Motion, Hartford will file its Complaint and serve it upon all parties.

WHEREFORE, Hartford respectfully moves this Court to allow its intervention in the pending action, with the filing of the attached proposed Intervention Complaint.

Hartford also submits its Brief in Support of its Motion to Intervene for the Court's consideration.

Respectfully submitted this 13th day of August, 2014.

**CARLTON FIELDS JORDEN BURT, P.A.**

/s/ David M. Leonard
David M. Leonard
Georgia Bar Number: 446625
dleonard@cfjblaw.com

Meredith W. Caiafa
*(pro hac vice motion to be filed)*
Georgia Bar Number: 551409
mcaiafa@cfjblaw.com

1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 815-3400

*Attorneys for Hartford Fire Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2014, I served a true and correct copy of the foregoing document this day using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

William H. Stanhope
K. Madison Burnett
Robins, Kaplan, Miller & Ciresi, L.L.P.
One Atlantic Center
1201 West Peachtree Street, Suite 2200
Atlanta, GA 30309-3453
Email: whstanhope@rkmc.com

*Attorneys for Plaintiff Ohio Security Insurance Company*

David R. Smith
Brannen, Searcy & Smith, LLP
P.O. Box 8002
Savannah, GA 31412-7497
Email: dsmith@brannenlaw.com

*Attorney for Defendants Joshua A. Newsome, The Hertz Corporation, and Kodiak Equipment, Inc.*

James A. Kitces
Robins, Kaplan, Miller & Ciresi, L.L.P.
800 Boylston Street
25th Floor, Prudential Tower
Boston, MA  02199-7080
Email: jakitces@rkmc.com

*Attorneys for Plaintiff Ohio Security Insurance Company*

Gene A. Major
Fain, Major, Wiley & Brennan, PC
100 Glenridge Point Pkwy.
Suite 500
Atlanta, GA 30342
Email: gmajor@fainmajor.com

*Attorney for Defendant Rapid Prep, LLC*

Howard E. Spiva
Spiva Law Group
P.O. Box 61678
Savannah, GA 31420-1678
Email: howard@spivalaw.com

*Attorney for Defendants V'Dola Grovenstein; Lowell Grovenstein, Sr., and Lowell Grovenstein, Jr.*

                                          /s/ David M. Leonard