IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 114-125 |
| JOSHUA A. NEWSOME, et al., | ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the motion to quash a third-party subpoena filed by Defendants Joshua A. Newsome and Kodiak Equipment, Inc. (Doc. no. 63.) The subpoena requires production of the movants' financial records and tax returns from 1999-2013 by Bell & Futch, PLLC, the movants' accounting firm. (Doc no. 63-1.) The subpoena specifies an address in Tacoma, Washington as the place of compliance since Bell & Futch, PLLC is located in Puyallup, Washington. (Id.)

Fed. R. Civ. P. 45, as amended in 2013, provides that while a subpoena must be issued by the district court where the underlying action is pending, challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required. Fed. R. Civ. P. 45(a)(2), (d)(3)(A). The 2013 amendments to Rule 45, including subsection (f) and the advisory committee notes, "make clear . . . that subpoena-related motions should be heard in the court where compliance is required." Woods ex rel. U.S. v. SouthernCare,

Inc., 303 F.R.D. 405, 407 (N.D. Ala. 2014); Fed. R. Civ. P. 45(f) advisory committee's note (2013) ("[S]ubpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c).")  Here, because the place of compliance for the subpoena is the Western District of Washington, this Court is not the appropriate venue for contesting the subpoena.  Accordingly, the Court **DENIES** the motion to quash.  (Doc. no. 63.)

SO ORDERED this 9th day of February, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA